# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **ELIZABETH TOBIAS-OLIVO** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | §  Civil Action No. 5:22-cv-01057 |
| **TAKUMI STAMPING, INC.,** | § |
| | § |
| | §  **Jury Demanded** |
| **Defendant.** | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Elizabeth Tobias-Olivo ("Olivo" or "Plaintiff" herein) brings this Fair Labor Standards Act ("FLSA") suit against Defendants Takumi Stamping, Inc. and shows as follows:

### I.   NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiff for all of her work time and overtime hours. Moreover, Plaintiff was not compensated at the rate of time and one-half of her regular rate of pay when she worked outside her normal work schedule.

## II.    PARTIES

3. Plaintiff Elizabeth Tobias-Olivo is an individual who was employed by Defendant as a human resources representative within the meaning of the FLSA. She hereby consents to be a party in this action.

4. Defendant Takumi Stamping, Inc. (Defendant or "Takumi") is a Texas corporation and can be served with process through its registered agent: Jeff J. Horn, Jr., 325 North St. Paul Street, Suite 1400, Dallas, Texas 75201. However, a waiver request is being sent before service is requested.

## III.    JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6. Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District.

## IV.    COVERAGE

7. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

12. Takumi Stamping, Inc. has a Texas plant in San Antonio directly supporting the production of the Toyota Tundra and Sequoia with over 300 different stamped metal parts. It is asserted Defendant does more than $500,000.00 per year in business.

13. Representatives of Defendant Takumi are charged with making decisions with respect to rates of pay and payment policies and procedures for employees of Takumi.

14. Plaintiff was one of several human resources representative for Defendant Takumi. She was regularly scheduled to work 40 or more hours in a work week. In addition to her regularly scheduled work, she generally worked 20 to 30 hours of overtime per week. However, the company claims she is exempt as an administrative employee and was not entitled to overtime pay.

15. As a result, the Defendant did not pay for the first 5 hours of overtime hours. She was, however, paid the balance of overtime hours but at a straight time rate based on her hourly, not salaried, rate of pay. It is believed that the Defendant claims that the balance of overtime hours paid at straight time were simply "bonuses" for the extra work hours.

16. Plaintiff was paid an hourly rate of pay of $24.225 per hour and earned approximately $71,500 annually at the time of her termination. Her overtime rate of pay should have been

$36.3375 hourly for all overtime hours. As a result, she was owed at least $181.6875 per week for the failure to pay the first 5 hours of overtime. Assuming she worked 20 to 30 hours per week and was paid straight time only for the remaining 20 to 25 hours per week, she is owed approximately $242.25 to $302.8125 per week ($1/3 of $36.3375 = $12.1125 x 20 to 25). She is owed in the range of $423.9375 to $484.50 per week for unpaid hours and unpaid overtime. Assuming 52 weeks of work per year, she is owed in the range of $22,044.75 to $25,194.00 per year. She is also owed a like amount of liquidated damages for each year and mandatory attorneys' fees as provided under the statute.

### VI.   CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

17. During the relevant period, Defendant has violated and continues violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

### VII.   RELIEF SOUGHT

18. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

    b. For an Order awarding Plaintiff the costs of this action;

c.    For an Order awarding Plaintiff attorneys' fees; and

d.    For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted

By: __/s/ Adam Poncio__
**ADAM PONCIO**
State Bar No. 16109800
Southern District I.D. 194847
aponcio@ponciolaw.com
Board Certified - Civil Appellate Law
Board Certified- Labor and Employment Law
Texas Board of Legal Specialization

**ALAN BRAUN**
State Bar No. 24054488
Southern District I.D. 1428056
abraun@ponciolaw.com

**PONCIO LAW OFFICES**
A Professional Corporation
5410 Fredericksburg Rd., Suite 109
San Antonio, Texas 78229-3550
Telephone: (210) 212-7979
Facsimile:(210) 212-5880

**ATTORNEYS FOR PLAINTIFF**